IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGLO AMERICAN QUELLAVECO S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.: |
| | ) |
| MIQ LOGISTICS LLC d/b/a MIQ LOGISTICS, | ) |
| NOATUM LOGISTICS PERU INC. SRL, | ) |
| and VOLANS LOGISTICS SL d/b/a | ) |
| VOLANS MARITIME, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

The Plaintiff, Anglo American Quellaveco S.A., for its cause of action against the Defendants, states and alleges as follows:

**PARTIES**

1. At and during all times hereinafter mentioned, Anglo American Quellaveco S.A. ("Anglo American"), was and now is a corporation organized and existing under foreign law with an office and principal place of business at Cal Esquilache NRO 371, Piso 10, San Isidro, Lima, Peru and was the owner of the cargo that forms the subject of this Complaint.

2. At and during all times hereinafter mentioned, defendant MIQ Logistics LLC d/b/a/ MIQ Logistics ("MIQ Logistics") was and now is a corporation organized and existing under Delaware law with an office and principal place of business at 11501 Outlook, Suite 500, Overland Park, Kansas 66211 and was and now is engaged in business as common carriers of goods for hire.

3. At and during all times hereinafter mentioned, defendant Noatum Logistics Peru

Inc. SRL ("Noatum"), was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Av 28 de julio No. 150, Miraflores 15074, Lima, Peru and was and now is engaged in business as common carriers of goods for hire.

4. At and during all times hereinafter mentioned, defendant Volans Logistics SRL d/b/a/ Volans Maritime ("Volans"), was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Avda Brasil No. 4, Planta 2, Puerta DCH, Madrid, Spain 28020 and was and now is engaged in business as common carriers of goods for hire.

## JURISDICTION

5. Paragraphs 1 through 4 of this Complaint are incorporated as though fully set forth herein.

6. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 in that this matter involves the international shipment of goods by water and is governed by an international convention known as the Hague-Visby Rules. Alternatively, as plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

7. Venue is this District is proper as the MIQ Logistics' bill of lading mandates that all claims be filed in the United States District Court for the District of Kansas.

## THE CLAIM

8. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

through 7 as if set forth herein at length.

9. In or about December 2019, there was delivered to Defendants a shipment of an integral mainshaft gyratory crusher (the "Cargo") in good order and condition and suitable in every respect for the intended transportation which Defendants received, accepted and agreed to transport for certain consideration below deck aboard the M/V CONDOR VALPARAISO pursuant to MIQ Logistics bill of lading ESBIO/PECAL-1512 from Bilbao, Spain to Callao, Peru.

10. Contrary to the parties' agreement, the Cargo was carried above deck and was damaged and Defendants failed to re-deliver the Cargo in the same good order and condition as when they were received.

11. By reasons of the premises, Defendants breached and violated their duties and obligations as common carriers and bailees of the Cargo, were negligent and careless in its handling of the cargo, committed a deviation and were otherwise at fault.

12. Plaintiff was the shipper, owner, consignee and/or insurer of the Cargo and brings this action on its own behalf and on behalf of all parties who are or may become interested in the subject shipment, as their respective interests may ultimately appears, and Plaintiff is entitled to maintain this action.

13. Plaintiff has performed all duties and obligations on its part to be performed.

14. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $373,000, plus interest, costs and attorneys' fees.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against

the Defendants.

2. That if the Defendants cannot be found within this District, that all of their property within this District be attached in the sum set forth in this Complaint, with interest and costs.

3. That a decree may be entered in favor of Plaintiff against Defendants in the amount of Plaintiff's damages, together with pre-judgment interest, costs and attorneys' fees.

4. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

## PLACE OF TRIAL AND JURY DEMAND

Plaintiff, requests the trial be held in Kansas City, Kansas, before a jury on all matters and claims triable to a jury.

DATED this 22nd day of January 2021.

Respectfully submitted,

McCormick, Gordon, Bloskey & Poirier, PA

*/s/ Daniel C. Estes*
Daniel C. Estes        KS Bar # 19491
6300 W. 143rd Street, Suite 140
Overland Park, Kansas 66223
Phone:  (913) 529-6122
Fax:     (913)  323-4374
E-Mail: destes@mgbp-law.com
ATTORNEY FOR PLAINTIFF ANGLO AMERICAN QUELLAVECO S.A.